LUCAS COUNTY COMMISSIONERS, APPELLANTS, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

[Cite as *Lucas Cty. Commrs. v. Pub. Util. Comm.* (1997), 80 Ohio St.3d 344.]

(No. 96–1539—Submitted September 10, 1997—Decided December 3, 1997.)

346

*Julie R. Bates,* Lucas County Prosecuting Attorney, *Steven J. Papadimos* and Andrew K. Ranazzi, *Assistant Prosecuting Attorneys, for appellants.*

*Betty D. Montgomery,* Attorney General, *Duane W. Luckey* and *Jodi J. Bair,* Assistant Attorneys General, for appellee Public Utilities Commission of Ohio.

*Andrew J. Sonderman, Kenneth W. Christman, Stephen B. Seiple* and *Amy L. Koncelik,* for intervening appellee Columbia Gas of Ohio, Inc.

MOYER, C.J.    In reviewing motions to dismiss brought under R.C. 4905.26, the commission has adopted the same standard used by courts in a civil case and deems all of the complainants' factual allegations to be true.    *In re Toledo Premium Yogurt v. Toledo Edison Co.* (Sept. 17, 1992), case No. 91–1528–EL–CSS, cited in *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.* (1996), 76 Ohio St.3d 521, 524, 668 N.E.2d 889, 891.    Moreover, in reviewing commission dismissals for failure to state a claim, we also assume the allegations of the complaint to be true. In this review, we therefore accept the allegations of the county to be true.    We also remain mindful that we are statutorily empowered to reverse an order of the Public Utilities Commission only if we find the order to be unlawful or unreasonable.    R.C. 4903.13.

The commission may exercise only that jurisdiction conferred by statute. *Columbus S. Power Co. v. Pub. Util. Comm.* (1993), 67 Ohio St.3d 535, 537, 620 N.E.2d 835, 838.    Columbia Gas argues that the commission has no authority to order either a credit or rebate based on consumer payments made pursuant to the commission-approved WNA program.    We find no statutory authorization for the ordering of such a credit or rebate.

Pursuant to R.C. 4909.17, a utility may not increase, decrease, or change its tariff rates without commission approval.    A utility may seek commission approval to change its rates by filing an application under R.C. 4909.18.    If the application seeks a rate decrease, the commission may, if it finds the decrease reasonable, approve the decrease without a hearing.    *Id.; Time Warner AxS v. Pub. Util. Comm.* (1996), 75 Ohio St.3d 229, 234, 661 N.E.2d 1097, 1102. However, while a rate is in effect, a public utility must charge its consumers in accordance with the commission-approved rate schedule.    R.C. 4905.32.

Pursuant to R.C. 4905.26 and 4909.15(D), the commission may conduct an investigation and hearing, and fix new rates to be substituted for existing rates, if it determines that the rates charged by a utility are unjust or unreasonable.    The substitution has prospective effect only.    *Ohio Util. Co. v. Pub. Util. Comm.* (1979), 58 Ohio St.2d 153, 157–158, 12 O.O.3d 167, 169–170, 389 N.E.2d 483, 487. By its own terms R.C. 4905.26 authorizes complaints to be filed to challenge any utility rate that "is" unjust or unreasonable.    The statutory authority is stated in the present tense, supporting the conclusion that the General Assembly did not intend the complaint procedure of R.C. 4905.26 to be available to those dissatisfied with former utility rates.    The county here did not seek relief pursuant to R.C. 4905.26 during the WNA program.

We conclude that none of the foregoing statutes authorizes the commission to order refunds or service credits to consumers based on expired rate programs.

In *Keco Industries v. Cincinnati & Suburban Bell Tel. Co.* (1957), 166 Ohio St. 254, 2 O.O.2d 85, 141 N.E.2d 465, this court was asked to consider whether a common-law action for restitution could be brought against a utility for reimbursement of rate revenue that was collected pursuant to rates that were later found to be unreasonable. After reviewing the relevant statutes, we held that no restitution remedy was available, in that the General Assembly had prescribed a comprehensive statutory plan for the fixing of rates for utilities, but had not included a provision for recovering deficiencies for past rates that were subsequently determined to be too low or for refunding rates that were too high. " '[U]nder present statutes a utility may not charge increased rates during proceedings before the commission seeking same and losses sustained thereby may not be recouped. Likewise, a consumer is not entitled to a refund of excessive rates paid during proceedings before the commission seeking a reduction in rates.' " *Id.*, 166 Ohio St. at 259, 2 O.O.2d at 87, 141 N.E.2d at 469, quoting the trial court.

Thus, utility ratemaking by the Public Utilities Commission is prospective only. The General Assembly has attempted to balance the equities by prohibiting utilities from charging increased rates during the pendency of commission proceedings and appeals, while also prohibiting customers from obtaining refunds of excessive rates that may be reversed on appeal. *Id.*[2] In short, retroactive ratemaking is not permitted under Ohio's comprehensive statutory scheme.

The case before us is distinguishable from *Columbus S. Power Co. v. Pub. Util. Comm.* (1993), 67 Ohio St.3d 535, 620 N.E.2d 835. We there held that a utility may charge to recover previously deferred revenues without violating the proscription against retroactive ratemaking when the recovery was pursuant to rates authorized by an initial commission order that the commission had since erroneously limited. In the case before us, the commission recognized the WNA to be an experimental program that the county, in retrospect, deemed to be unsatisfactory. No mechanism for rate adjustment of the WNA, however, had been incorporated in the initial rate stipulation approved by the commission.

The WNA program had been discontinued when the county filed its complaint pursuant to R.C. 4905.26. Therefore, as correctly found by the commission, there simply was no revenue from the challenged program against which the utilities commission could balance alleged overpayments, or against which it could order a credit. Absent such revenue, were the commission to order either a refund or a credit, the commission would be ordering Columbia Gas to balance a past rate

---

2. But, see, R.C. 4909.42, which authorizes a utility to charge increased rates, subject to refund after appeal, after the expiration of two hundred seventy-five days from the date of the filing of a rate-increase application.

with a different future rate, and would thereby be engaging in retroactive' ratemaking, prohibited by *Keco*.

The Public Utilities Commission of Ohio is not statutorily authorized to order a refund of, or credit for, charges previously collected by a public utility where those charges were calculated in accordance with an experimental rate program which was approved by the commission, but which has expired by its own terms. For the foregoing reasons, we affirm the order of the Public Utilities Commission.

*Order affirmed.*

RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., not participating.