*464 Pfeifer, J.,
dissenting.
{¶ 61} On remand, the PUCO has determined that AEP did not present evidence of its Provider of Last Resort (“POLR”) costs. The PUCO stated that the $368 million in POLR revenues that AEP had collected from customers was “unjustified.” Nevertheless, the PUCO asserted that a refund under the circumstances would be tantamount to retroactive ratemaking, something it is not authorized to engage in. See Lucas Cty. Commrs. v. Pub. Util. Comm., 80 Ohio St.3d 344, 348, 686 N.E.2d 501 (1997).
{¶ 62} It is unconscionable that a public utility should be able to retain $368 million that it collected from consumers based on assumptions that are unjustified. The problem stems from this court’s 1957 decision, that determined that “[w]here the charges collected by a public utility are based upon rates which have been established by an order of the Public Utilities Commission of Ohio, the fact that such order is subsequently found to be unreasonable or unlawful on appeal to the Supreme Court of Ohio, in the absence of a statute providing therefor, affords no right of action for restitution of the increase in charges collected during the pendency of the appeal.” Keco Industries, Inc. v. Cincinnati & Suburban Bell Tel. Co., 166 Ohio St. 254, 141 N.E.2d 465 (1957), paragraph two of the syllabus. Clearly the time has come to overturn this case.
{¶ 63} R.C. 4905.32, the statute on which the Keco decision is based, does not state that there is “no right of action for restitution of the increase in charges collected during the pendency of the appeal.” In my view, that part of the opinion is mere dicta, foolhardy, erroneous, and not binding on this court. Indeed, it boggles the mind that this court would ever countenance such a proposition: that a public utility should be allowed to fatten itself on the backs of Ohio residents by collecting unjustified charges.
{¶ 64} In this case, we are talking about $368 million in unjustified charges that, instead of redounding to the people who paid them, reside in the coffers of a •public utility without the justification of actual costs. This illusory charge will become pure unwarranted profit based on this court’s decision today. And it does not have to be this way.
{¶ 65} Keco should be overturned. Charges that are approved by the PUCO but that do not withstand challenge in this court ought to be subject to restitution.
{¶ 66} A public utility ought not to receive unjust enrichment based on charges that in the context of this case as determined by the PUCO, clearly should not have been approved. R.C. 4905.32 states that utilities cannot refund a rate that has been charged pursuant to the rate schedule filed with the PUCO. It does not say that this court cannot compel a utility to provide restitution for charges that *465 it has unjustifiably collected. A practical way to unwind this case so that it does not shock the utility and its investors is to set off the unjustifiable collections against future charges. The Ohio Consumers’ Counsel has suggested that a direct setoff against the deferred fuel-cost rider is an appropriate way for Columbus Southern to provide restitution.
Bruce J. Weston, Consumers’ Counsel, and Maureen R. Grady and Terry L. Etter, Assistant Consumers’ Counsel, for appellant Ohio Consumers’ Counsel.
McNees, Wallace & Nuriek, L.L.C., Samuel C. Randazzo, Frank P. Darr, and Joseph E/Oliker, for appellant Industrial Energy Users-Ohio.
Michael DeWine, Attorney General, and William L. Wright, Werner L. Mar-gard III, and John H. Jones, Assistant Attorneys General, for appellee Public Utilities Commission of Ohio.
Steven T. Nourse and Matthew J. Satterwhite; and Porter, Wright, Morris & Arthur, Kathleen M. Trafford, and Daniel R. Conway, for intervening appellee, Ohio Power Company.
{¶ 67} Allowing AEP to retain the $368 million that it collected based on charges that were not justified is unconscionable. Doing so because of a 50-year-old case that is not supported by the statute on which it is based is ridiculous. The ratepayers of Ohio deserve better. I dissent.
O’Neill, J., concurs in the foregoing opinion.